UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIMITAR PETLECHKOV,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA PAUL GILMER, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:24-CV-00658-JPB |

## **ORDER**

This matter is before the Court on the mandate of the United States Court of Appeals, Plaintiff's Renewed Motion for Leave to Register for E-Filing [Doc. 16] and Plaintiff's Renewed Motion to Issue Summonses and for Order Directing USMS to Serve the Summonses and Complaint [Doc. 17]. The Court finds as follows.

**A.     Mandate from the United States Court of Appeals**

Having been read and considered, it is **ORDERED AND ADJUDGED** that the mandate of the United States Court of Appeals be made the judgment of this Court.

B.      **Frivolity Review**

A federal court is required to conduct an initial screening of an *in forma pauperis* complaint to determine whether the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After careful review and consideration, the Court concludes that Plaintiff's Complaint is **NOT FRIVOLOUS** under 28 U.S.C. § 1915(e)(2), and, therefore, Plaintiff's claims against Defendants are **ALLOWED TO PROCEED** in accordance with the Federal Rules of Civil Procedure.

C.      **Plaintiff's Renewed Motion for Leave to Register for E-Filing**

Plaintiff filed a Renewed Motion for Leave to Register for E-Filing on February 11, 2025. [Doc. 16]. As an initial matter, the Court's Local Rules and procedures generally do not permit *pro se* litigants to file documents electronically. See N.D. Ga. Loc. R. App'x H (Standing Order 19-01) at A7 ("A party proceeding *pro se* shall not file electronically unless the party is an attorney in good standing admitted to practice before this Court."); App'x H at 3 ("Pro se litigants who are not attorneys in good standing admitted to the Bar of this Court must file all documents with the Court in paper form."). However, "in specific cases . . . if deemed appropriate in the exercise of discretion, considering the need for the just,

speedy, and inexpensive determination of matters pending before the court," a judge may deviate from the Court's established procedures.  App'x H (Standing Order 19-01) at A7.

Here, Plaintiff is not a member of the Bar of this Court, and therefore, this Court's Standing Order No. 19-01 and Administrative Procedures would typically prohibit him from using the Court's electronic filing system and receiving electronic notifications from the Court.  However, Plaintiff asserts that extenuating circumstances exist such that the Court should grant him an exception to the bar against electronic filing for *pro se* litigants.  Specifically, Plaintiff is located in Bulgaria, and he claims that mail services are unreliable and insufficient for his needs in litigating this case.  [Doc. 16-1, pp. 1–2].  Not only does Plaintiff argue that the mail causes weeks of delay in the international delivery of his filings, but he also claims that he "has failed to receive approximately 50% of U.S. Mail which was confirmed to have been sent in the last 12 months."  Id. at 1.  Thus, Plaintiff argues that that "[p]ermitting [electronic filing] will facilitate [P]laintiff's speedy, economical and efficient communication with the Court for the duration of this case."  Id. at 2.

The Court agrees.  Plaintiff asserts difficulties using the mail based on the long delays and lost or undelivered documents.  Such delays and missed deliveries

could prevent Plaintiff from complying with the Court's deadlines and rulings if a document is not timely received.  Furthermore, Plaintiff's physical location in Bulgaria makes filing documents necessarily more difficult for him than for other *pro se* plaintiffs due to both the complications of international delivery by mail and the fact that Plaintiff cannot feasibly deliver documents to the Clerk's Office in person.  See <u>Robinson v. Orange Cnty. Gov't Dep't</u>, No. 24-CV-1143, 2024 WL 4392779, at *1 (M.D. Fla. Oct. 3, 2024) (granting a *pro se* litigant's motion for electronic filing); <u>Ogilvie v. Millsaps</u>, No. 15-cv-2477, 2015 WL 6688343, at *1–2 (M.D. Fla. Oct. 30, 2015) (same).

Therefore, this Court determines that allowing Plaintiff access to electronic filing supports the just, speedy and inexpensive determination of this matter, and that Plaintiff has shown good cause for an exception to the general rule barring *pro se* litigants from accessing the Court's electronic filing system.  Accordingly, Plaintiff's Renewed Motion for Leave to Register for E-Filing is **GRANTED**.  However, Plaintiff is advised that the Court may, in its discretion, revoke or restrict his electronic filing privileges at any time should he abuse this privilege or fail to comply with the Local Rules.

### D. Service of Process

Plaintiff has been granted leave to proceed *in forma pauperis*, so service will be conducted by the Court and the U.S. Marshals Service. Fed. R. Civ. P. 4(c)(3). The Clerk is **DIRECTED** to send Plaintiff a USM 285 form, summons and an initial disclosures form for each Defendant in this case. Plaintiff is **DIRECTED** to complete the USM 285 form, summons and initial disclosures form for each Defendant. To ensure adequate service of process, Plaintiff **MUST** provide the proper address for each Defendant on the corresponding USM 285 form, meaning the address where that particular Defendant can be served directly.

Plaintiff is **DIRECTED** to return the forms to the Clerk by **May 1, 2025**. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to submit this action to the Court if Plaintiff fails to comply with this Order.

Upon the Clerk's receipt of Plaintiff's completed USM 285 forms, summonses and initial disclosures forms, the Clerk is **DIRECTED** to prepare a service-waiver package for each Defendant. The service-waiver package must include the following materials for each Defendant: two Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk); two Waiver of Service of Summons forms (prepared by the Clerk); an envelope addressed to the

Clerk of Court with adequate first-class postage for return of the waiver form; one copy of Plaintiff's Complaint; one copy of the initial disclosures form; and a copy of this Order. The Clerk shall retain the USM 285 forms and the summonses.

Upon completion of the service-waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the appropriate Notice of Lawsuit and Request for Waiver of Service of Summons form and mail the service-waiver package to the corresponding Defendant. Thereafter, such Defendant has a duty to avoid unnecessary costs of serving the summons. If any Defendant fails to comply with the request for waiver of service, they must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

If any Defendant in this action does not return the Waiver of Service form to the Clerk of Court within **THIRTY-FIVE DAYS** following the date the service-waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit a service package to the U.S. Marshals Service for the non-waiving Defendant. The service package must include: the USM 285 form; the summons; a copy of Plaintiff's Complaint; one copy of the initial disclosures form; and a copy of this Order. Upon receipt of the service package, the U.S. Marshals Service is

**DIRECTED** to personally serve the non-waiving Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **ADVISED** that, even though he is proceeding without a lawyer, he must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court and the Court's Standing Order re Civil Litigation. Plaintiff is **DIRECTED** to serve upon Defendants or their respective counsel a copy of every additional pleading or other document filed with the Clerk. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to the respective Defendant or their counsel or filed with the Court's electronic filing system. The Court will disregard any submitted papers that have not been properly filed with the Clerk or that do not include a certificate of service. Plaintiff must also keep the Court and Defendants advised of his current address, email address and telephone number at all times throughout this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the mandate of the United States Court of Appeals be made the judgment of this Court. In light of this order, the Clerk is **DIRECTED** to terminate Plaintiff's Renewed Motion to Issue

Summonses and for Order Directing USMS to Serve the Summonses and Complaint [Doc. 17]. Plaintiff's Renewed Motion for Leave to Register for E-Filing [Doc. 16] is **GRANTED**. The Clerk is **DIRECTED** to terminate the frivolity submission.

    **SO ORDERED** this 24th day of March, 2025.

_____
**J. P. BOULEE**
United States District Judge